UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-839 JVS(KESx) | Date | August 13, 2018 |
| Title | **Enerlites, Inc., et al. v. Century Products Inc., et al.** | | |

Present: The Honorable James V. Selna

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby GRANTS IN PART and DENYING IN PART the Defendants' Motion to Dismiss and rules in accordance with the tentative ruling as follows:**

Defendants Century Products, Inc. and Wei Hu (collectively, "Defendants") filed a motion to dismiss Plaintiffs' Enerlites, Inc. ("Enerlites") and Top Greener, Inc.'s ("Top Greener") (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., Docket No. 15.) Plaintiffs filed an opposition. (Opp'n, Docket No. 16.) Defendants replied. (Reply, Docket No. 17.)

For the following reasons, the Court **grants in part** and **denies in part** the motion to dismiss.

## I. Background

Enerlites is in the business of manufacturing lighting products including lighting controls and wiring devices, such as timers, receptacles, switches, and wall plates. (Compl., Docket No. 1 ¶ 14.) In 2016, Enerlites management formed Top Greener as a vehicle for distributing and selling these electrical devices. (Id.) Enerlites has exclusive licensing rights to U.S. Design Patent No. D575,646 S ("the '646 Patent") titled "DIGITAL IN-WALL TIMER." (Id. ¶ 15; Compl., Docket No. 1-1, Ex. 1.) Additionally, on August 30, 2017, Plaintiffs filed a completed application for copyright registration of a photograph depicting an image of a digital in-wall timer titled "TIMER

SWITCH ENERLITES HET01-C." (Compl., Docket No. 1 ¶ 16.)

On May 14, 2018, Plaintiffs filed an action against Defendants asserting claims for (1) patent infringement, 35 U.S.C. § 271(a); (2) copyright infringement, 17 U.S.C. §§ 101 et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) common law unfair competition; (5) unjust enrichment; (6) constructive trust, Cal. Civ. Code § 2224; (7) accounting; and (8) injunctive relief. (See generally Compl., Docket No. 1.) Plaintiffs allege that Defendants have "purchased, imported, acquired, offered for sale, sold, and imported into the United States, one or more products that violate and infringe upon Plaintiffs' valuable intellectual property rights, including without limitation the ['646] Patent." (Id. ¶ 20.) Additionally, Plaintiffs allege that "Defendants are using a promotional photograph identical or substantially similar to one authored and publicly displayed by Top Greener in its advertisements, as well as the specific model number 'HET01-C' as a 'keyword' to draw customers to Defendants' product(s)." (Id. ¶ 21.) Further, Plaintiffs allege that on August 17, 2017, they "sent Defendants a 'Cease and Desist' letter notifying Defendants of Plaintiffs' intellectual property rights and demanding infringing activities stop at once[,]" but that "Defendants have ignored this notice and willfully continue to manufacture, sell and distribute a product that violates Plaintiffs' Patent, and display identical or substantially similar copies of Top Greener's promotional photograph." (Id. ¶ 22.)

Defendants now move to dismiss Plaintiffs' Complaint in its entirety. (Mot., Docket No. 15.)

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-639 JVS(KESx) Date August 13, 2018

Title **Enerlites, Inc., et al. v. Century Products Inc., et al.**

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. For purposes of ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## III. Discussion

### A. Design Patent Infringement

Defendants argue that Plaintiffs' claim for design patent infringement is not adequately alleged and should therefore be dismissed. (Mot., Docket No. 15-1 at 8.) A patented design is infringed whenever the patented design, or "any colorable imitation thereof," is applied "to any article of manufacture for the purpose of sale." 35 U.S.C. § 289. To properly plead design patent infringement, a plaintiff need only: (1) allege ownership of the patent; (2) name each defendant; (3) cite the patent; (4) state the means by which the defendant allegedly infringes; and (5) point to the sections of the patent law invoked. See Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000)); Puma SE v. Forever 21, Inc., CV17-2523 PSG Ex, 2017 WL 4771004, at *2 (C.D. Cal. June 29, 2017).

Typically, district courts within the Ninth Circuit apply the "ordinary observer" test to determine whether an accused product infringes a patented design. NuVasive, Inc. v. Alphatec Holdings, Inc., No. 18-CV-347-CAB-MDD, 2018 WL 2734881, at *3 (S.D. Cal. May 14, 2018); Performance Designed Prods. LLC v. Mad Catz, Inc., No. 16-cv-

0629, 2016 WL 3552063, at *2 (S.D. Cal. June 29, 2016); SCG Characters LLC v. Telebrands Corp., No. 25-cv-0374, 2015 WL 4624200, at *4 (C.D. Cal. Aug. 3, 2015); Dioptics Med. Prods., Inc. v. IdeaVillage Prods. Corp., No. 8-cv-3538, 2010 WL 4393876, at *1–2 (N.D. Cal. Oct. 29, 2010). Under the ordinary observer test, courts will find infringement of a design patent "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, . . . inducing him to purchase one supposing it to be the other." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting Gorham Co. v. White, 81 U.S. 511, 528 (1871)); see also Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("To show infringement under the proper test, an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design."); OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("The patented and accused designs do not have to be identical in order for design patent infringement to be found."). "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015) (citing Egyptian Goddess, 543 F.3d at 678). "Differences, however, must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." Id.

The Federal Circuit has held that determining infringement of a design patent is a question of fact. Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d 1277, 1287 (Fed. Cir. 2002); see also Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1295 (Fed. Cir. 2010); OddzOn Prods., 122 F.3d at 1405; Deckers Outdoor Corp. v. J.C. Penney Co., 45 F. Supp. 3d 1181, 1186 (C.D. Cal. 2014); Grand General Accessories Mfg. v. United Pac. Indus. Inc., No. 08–07078 DDP (VBKx), 2009 WL 10672038, at *3 (C.D. Cal. June 11, 2009). Therefore, it is generally inappropriate to make this determination on a motion to dismiss, unless the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them. See Grand General, 2009 WL 10672038, at *3 ("[I]t is not generally appropriate to make this determination on a motion to dismiss."); see also Dioptics, 2010 WL 4393876, at *2 ("Which features [of the design] would be significant to the ordinary observer is a question of fact."); compare Deckers Outdoor, 45 F. Supp. 3d at 1186–87 (stating that it is improper "to contend that a plaintiff has failed to allege design-patent infringement based on a comparison of the

subject designs, since the [c]ourt must accept all factual allegations as true in deciding a Rule 12(b)(6) motion" and "a comparison of the protected designs with the accused products demonstrates a sufficient visual similarity to at least render infringement of the [patent at issue] plausible"), with SCG Characters, 2015 WL 4624200, at *5–6 (distinguishing Deckers Outdoor and dismissing design patent infringement claim because the accused design and patented design shared essentially no similarities and were so distinct that it was not plausible that the ordinary observer test could be satisfied).

In the Complaint, Plaintiffs allege that one of the inventors of the '646 Patent, Lidong Ni, is a part-owner of Plaintiffs, and that he issued exclusive licensing rights to Enerlites. (Compl., Docket No. 1 ¶ 15.) Plaintiffs allege that the "rights granted to Enerlites specifically include the right to sue for patent infringement." (Id.) Plaintiffs allege that they are "the exclusive licensees of all rights in and to the Patent, including without limitation the right to make, use and sell the products using the Patent, and (most importantly) to prosecute infringers of the Patent via litigation[.]" (Id. ¶ 25.) Further, Plaintiffs allege that "Defendants, without any license or permission from Plaintiff or the Inventors, have made, used, sold, offered for sale and/or imported in or into the United States, products having one or more designs that are highly similar (if not virtually identical) to the design(s) covered by the Patent[.]" (Id.) Plaintiffs also attach to the Complaint a copy of the cease and desist letter depicting both Plaintiffs' product and the accused product. (Compl., Docket No. 1-3, Ex. 3.) The letter includes side-by-side comparisons of the products and suggests that because of the similarities in structure and design, an ordinary observer would consider the products substantially similar. (Id.)

Under notice pleading requirements, Plaintiffs are only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Taking these allegations as true and in consideration of the exhibits attached to the Complaint,[1] the Court finds that Plaintiffs have stated a claim for design patent infringement. Nonetheless, the Court will address each of Defendants' arguments for dismissing the design patent infringement claim below.

[1] When ruling on a motion to dismiss, the Court may consider allegations contained in the complaint, as well as exhibits attached thereto. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012); Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

First, Defendants argue that Plaintiffs have failed to prove ownership of the '646 Patent. (Mot., Docket No. 15-1 at 15.) Defendant argue that while Plaintiffs allege that one inventor of the '646 Patent issued them exclusive licensing rights, this allegation is unsupported by evidence and insufficient to establish patent ownership, a prerequisite to bringing the case. (Id.) However, Defendants offer no authority for their proposition that Plaintiffs are required to put forth evidence proving that they have exclusive licensing rights to the '646 Patent at the pleading stage. The Court declines to impose this additional requirement on Plaintiffs and finds Plaintiffs' allegations more than adequate to confer standing to sue at this early stage. Therefore, the Court denies the motion to dismiss for failure to prove patent ownership.

Defendants also argue that the '646 Patent comprises only one perspective view of a digital in-wall timer, and that all other views of the product form no part of the patented design. (Mot., Docket No. 15-1 at 8.) Defendants argue that in the Complaint, Plaintiffs erroneously compare a front view of the claimed product and accused product, which is irrelevant to the scope of the '646 Patent. (Id. at 8–9.) While the Complaint fails to include images of Plaintiffs' product and the accused product with the door to the keypad open as it appears in the '646 Patent, the Court finds it sufficient that the cease and desist letter attached to the Complaint contains multiple images the two products from different perspectives for purposes of side-by-side comparison. (Compl., Docket No. 1 ¶ 25; Compl., Docket No. 1-3, Ex. 3.) Thus, the Court denies the motion to dismiss on this ground.

Additionally, Defendants argue, without citing any authority, that Plaintiffs' claim fails because they do not point out which part of the claimed design is new, non-functional, or ornamental. (Mot., Docket No. 15-1 at 9.) However, there is no such requirement to plead design patent infringement. See Hall, 705 F.3d at 1363–64 ("The district court erred in requiring that the complaint identify 'new, original, and ornamental' aspects of the design[.]"). Therefore, the Court denies the motion on this ground.

Furthermore, Defendants argue that an ordinary observer who is familiar with the prior art would not be deceived into believing that the accused product is the same as the claimed design. (Mot., Docket No. 15-1 at 10.) Defendants identify the following

distinctive features: (1) the claimed design has eight operation keys that are evenly distributed in four rows, four of which are horizontal rectangular and the rest are vertical rectangular, whereas the accused product has ten operation keys unevenly distributed in four rows, each of which is horizontal rectangular; (2) the claimed design has a circular reset key located between two operation keys in the first row, whereas the accused product has a reset key located at the left corner of the keyboard; (3) the claimed design has a grooved keyboard cover with two window-like designs, whereas the accused product has a groove-free keyboard cover. (Id. at 11–12.) Moreover, Defendants argue that the apparent dissimilarity between the claimed design and the accused product is further highlighted by consideration of the prior art. (Id. at 13–14.) Defendants argue that because the claimed design and prior art are similar, an ordinary observer familiar with the prior art would not be deceived into believing that the accused product is the same as the claimed design. (Id. at 14–15.)



Infringing Product



Enerlites

The Court finds that it is at least plausible that an ordinary observer could find the designs substantially similar. While Defendants point to a number of differences between the claimed design and accused product, these differences are all relatively minor. The following visual comparison from Plaintiffs' cease and desist letter shows a general similarity between the claimed product and accused product:

(Compl., Docket No. 1-3, Ex. 3.) While Defendants argue that courts routinely dismiss design patent infringement claims at the pleading stage, this is not an instance in which the products are so dissimilar that it is clear that the ordinary observer test cannot be satisfied. (Reply, Docket No. 17 at 3); see SCG Characters, 2015 WL 4624200, at *5–6. Given that determining infringement of a design patent is generally a question of fact and a comparison of the two products "demonstrates a sufficient visual similarity to at least render infringement of the ['646 Patent] plausible," the Court finds that dismissal is unwarranted. Deckers Outdoor, 45 F. Supp. 3d at 1186–87. Defendants' arguments that the similarity between the claimed design and the prior art highlight the distinctiveness of the designs does not persuade the Court otherwise. Therefore, the Court denies the motion to dismiss on this ground because it is plausible that an ordinary observer could be deceived into believing that the accused product is the same as the claimed design.

Accordingly, the Court denies the motion to dismiss the design patent infringement claim.

## B. Copyright Infringement

Defendants argue that Plaintiffs' claim for copyright infringement is not adequately alleged and should therefore be dismissed. (Mot., Docket No. 15-1 at 16.) To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Receipt of a complete application by the Copyright Office satisfies the requirement in the Copyright Act for

registration before bringing an infringement action.[2] Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612, 621 (9th Cir. 2010).

In the Complaint, Plaintiffs allege:

> Angel Zheng, a senior staff member of Top Greener, took a photo depicting the image of Digital In-Wall Timer, which was entitled "TIMER SWITCH ENERLITES HET01-C." This was done for marketing and sales purposes during the course of her employment. As such, Top Greener is the rightful owner and author of the copyright in said photo, which is a work-made-for-hire pursuant to 17 U.S.C. § 201(b). Plaintiffs, through their counsel of record, filed a completed application for copyright registration of said photograph with the United States Copyright Office, which was acknowledged by the Copyright Office as having been duly received on August 30, 2017. The currently listed as "Pending." . . . As author of a Work-Made-For-Hire, Top Greener has all necessary rights to protect the Copyright, including and not limited to filing this action.
>
> . . .
>
> Defendants have publicly displayed, in advertising materials, product packaging and other aspects, identical or substantially similar copies of one or more of Top Greener's copyrighted photos and images, without any license or authorization. . . . Through their conduct averred herein, Defendants have infringed Top Greener's copyright, in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

---

[2] In the motion, Defendants argued that Plaintiffs failed to prove ownership of a valid copyright because the alleged copyright was still pending at the Copyright Office when the Complaint was filed. (Mot., Docket No. 15-1 at 16; Compl., Docket No. 1-2, Ex. 2.) However, Defendants withdrew this argument in the reply. (Reply, Docket No. 17 at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-639 JVS(KESx) | Date | August 13, 2018 |
| Title | **Enerlites, Inc., et al. v. Century Products Inc., et al.** | | |

(Compl., Docket No. 1 ¶¶ 16, 28–30.) Plaintiffs also provide the following comparison of a copyrighted photograph and infringing photograph, by way of example:

| COPYRIGHTED PHOTO | INFRINGING PHOTO |
|---|---|
|   |   |

(Id. ¶ 28.)

Defendants argue that Plaintiffs have failed to adequately allege copyright infringement because they fail to assert which portion of the copyrighted image is considered original and therefore entitled to copyright protection. (Mot., Docket No. 15-1 at 16.) Defendants also argue that Plaintiffs' asserted copyrighted photograph is intended to be registered as a "literary work" because that is how it is labeled on Plaintiffs' copyright application. (Mot., Docket No. 15-1 at 17; Compl., Docket No. 1-2, Ex. 2.) Defendants argue that, as a result, the copyright protection extends narrowly to the literary portion of the photograph, specifically the phrase "Neutral Wire Required." (Mot., Docket No. 15-1 at 17.) Defendants argue that the Court should take judicial notice of the fact that the phrase "Neutral Wire Required" is functional in nature and therefore not eligible for copyright protection. (Id. at 17–18.) In response, Plaintiffs point out that Defendants offer no authority to support the notion that Plaintiffs' claim is deficient for failing to specify precisely which elements of the photograph are original. (Opp'n, Docket No. 16 at 21.) Further, Plaintiffs assert that even if the work is mislabeled on their copyright application, it is clear that the work at issue is a photograph, and that this is not grounds for dismissal of their claim. (Id. at 19–20.)

Taking Plaintiffs' allegations as true, the Court finds that Plaintiffs have stated a claim for copyright infringement. Plaintiffs have alleged that they submitted a complete application for copyright registration of a photograph taken by their employee and that Defendants have publicly displayed identical or substantial similar copies of their copyrighted photograph. (Compl., Docket No. 1 ¶¶ 16, 28–30.) As stated above, Plaintiffs are only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," and the Court finds Plaintiffs' allegations sufficient. Fed. R. Civ. P. 8(a)(2).

The Court notes that Defendants offer no authority for their proposition that Plaintiffs must specifically identify what portions of the copyrighted image are considered original. Nor do they offer any authority to support their proposition that the mislabeling of a work on a copyright application is fatal to a claim for copyright infringement. Moreover, while Defendants argue that the phrase "Neutral Wire Required" is purely functional and not subject to copyright protection, they do not support their request that the Court take judicial notice of this fact with any legal authority. Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" if it is "generally known" in the jurisdiction or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The fact that a specific phrase is functional in nature and not subject to copyright protection falls into neither of those categories. While it may be the case that Plaintiffs' photograph is not subject to copyright protection, Defendants have failed to persuade the Court of this fact in their motion to dismiss.

Accordingly, the motion to dismiss Plaintiffs' copyright infringement claim is denied.

## C. Remaining Claims

Defendants argue that Plaintiffs' remaining claims for violation of the UCL, common law unfair competition, constructive trust, accounting, and injunctive relief must be dismissed because they are all predicated on the design patent infringement

and copyright infringement claims.[3] (Mot., Docket No. 15-1 at 18.) Defendants argue that because Plaintiffs fail to state plausible claims for design patent infringement and copyright infringement, their related claims should likewise be dismissed. (Id.) As stated above, the Court has found that Plaintiffs sufficiently stated a claim for both design patent infringement and copyright infringement. Therefore, Defendants' argument lacks merit, and the Court declines to dismiss the remaining claims on this ground.

Defendants also argue that Plaintiffs' claims for violation of the UCL and common law unfair competition must be dismissed because they are preempted by federal patent and copyright law. (Mot., Docket No. 15-1 at 18–19.) Defendants argue that Plaintiffs' claims incorporate by reference and merely restate their federal patent and copyright claims. (Id.) To determine whether federal law preempts a state law claim, the court must determine "whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is qualitatively different from a copyright [or patent] infringement claim." Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1439–40 (9th Cir. 1993) (internal citation and quotation marks omitted) (alteration in original); see also Deckers Outdoor, 45 F. Supp. 3d at 1188–89.

In response, Plaintiffs argue that they have framed their unfair competition claims primarily around theories related to false advertising and have not simply restated their federal patent and copyright claims. (Opp'n, Docket No. 16 at 23.) Plaintiffs argue that courts have allowed unfair competition claims that center primarily on false or misleading advertising and not simply infringement because they contain additional elements not shared by the federal laws. (Id. at 23–24.) Plaintiffs may be correct that if their unfair competition claims were framed primarily around theories related to false advertising they may not preempted. However, as alleged, Plaintiffs' unfair competition claims are not qualitatively different from their federal patent and copyright claims. Plaintiffs' UCL claim states that "[b]y marketing, advertising, promoting, selling and/or otherwise dealing in one or more products that

[3] Defendants also argued that Plaintiffs' remaining claim for unjust enrichment should be dismissed (Mot., Docket No. 15-1 at 18–19), but Plaintiffs withdrew this claim in their opposition (Opp'n, Docket No. 16 at 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-639 JVS(KESx) | Date | August 13, 2018 |
| Title | **Enerlites, Inc., et al. v. Century Products Inc., et al.** | | |

infringe upon Plaintiffs' Product, Patent and Copyright, as well as unfairly competing with Plaintiffs under California Common Law, Defendants have engaged in unlawful business practices in violation of the [UCL]." (Compl., Docket No. 1 ¶ 34.) And, Plaintiffs' common law unfair competition claim states that "Defendants have engaged in unlawful, unfair and deceptive conduct including, but not limited to, those actions described above." (Id. ¶ 39.) These allegations do not support Plaintiffs' proposition that their state law claims contain an element not shared by their federal patent and copyright claims. Plaintiffs allege no facts regarding Defendants' false advertising, nor does the phrase "false advertising" even appear in the Complaint. Therefore, because Plaintiffs have failed to point out any element of their unfair competition claims that is not shared by their federal patent and copyright claims, Plaintiffs' claims are preempted.

Accordingly, the Court grants the motion to dismiss the UCL and common law unfair competition claims with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion to dismiss with leave to amend. Plaintiffs shall file an amended complaint within thirty (30) days.

**IT IS SO ORDERED.**

: 00

Initials of Preparer kjt